UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARC ALPER, in his capacity as Trustee of THE AMERICAN COUNCIL OF ENGINEERING COMPANIES BUSINESS INSURANCE TRUST, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:18 CV 378 CDP<br>) |
| MARSH, USA, INC., | )<br>) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

On March 6, 2018, plaintiff Marc Alper, in his capacity as Trustee Emeritus of the American Council of Engineering Companies Business Insurance Trust, filed this suit for injunctive relief, breach of contract, and tortious interference against Marsh USA, Inc. That same day, Alper filed a Motion for Temporary Restraining Order and Preliminary Injunction. At the hearing the following day I expressed concern about whether this Court has subject-matter jurisdiction to decide this case. I denied the Temporary Restraining Order at that time but ordered that the parties file briefs on the threshold jurisdictional issue.

Plaintiff alleges that this Court has diversity jurisdiction because the named plaintiff, Trustee Alper, is a citizen of Missouri and defendant Marsh is a New York corporation with its principal place of business in New York. I conclude,

however, that the citizenship of the Trust must be determined based on the citizenship of all the trustees. Because at least one trustee is a citizen of New York, complete diversity does not exist and the case must be dismissed for lack of subject-matter jurisdiction.[1]

*Background*

The American Council of Engineering Companies Business Insurance Trust is a trust established and created under the laws of Missouri. The Trust's main purpose is administering insurance programs operated for the benefit of the American Council of Engineering Companies (ACEC), an association whose members include thousands of engineering and consulting companies across the United States.[2]

Starting in 1983, the Trust contracted with defendant Marsh to be the exclusive broker of certain insurance coverage and related programs offered on an exclusive basis to ACEC members. At the conclusion of the most recent agreement, the Trust decided not to renew the contract with Marsh. Instead, it contracted with one of Marsh's competitors to take over the administration and brokerage of its insurance offerings to ACEC members. The Marsh agreement

---

[1] Although the complaint alleges federal jurisdiction based on 28 U.S.C. §1332(a), it contains no specific dollar amount indicating that the amount in controversy exceeds $75,000. ECF No. 1 at ¶ 4. Defendant Marsh has not challenged the amount in controversy, and I need not consider it because I have concluded that complete diversity is lacking.
[2] The ACEC is not a party to this case.

contained clauses restricting Marsh's post-termination ability to continue to sell insurance to ACEC members, although the meaning and scope of these clauses is disputed. When the Trust learned that Marsh had developed a competing program and continued to solicit ACEC members in competition with the Trust's newly-designated insurer, the Trustees delegated to Trustee Emeritus Alper the power to bring this suit against Marsh; the complaint alleges Marsh is breaching the contract and seeks injunctive relief.

*Discussion*

Federal courts are courts of limited jurisdiction, and jurisdictional statutes must be strictly construed. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). When jurisdiction is challenged, the party seeking the federal forum bears the burden of proving by a preponderance of the evidence that the prerequisites to jurisdiction are satisfied. *Id.* The Eighth Circuit has admonished district courts "to be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

To determine the citizenship of an unincorporated association for diversity jurisdiction, the courts must consider the citizenship of "all the members" of the association. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)). In *Carden* the Supreme Court held that the citizenship of limited as well as general partners must be considered

in determining citizenship of a limited partnership. *Carden* specifically rejected the argument that it was appropriate to "consult the citizenship of less than all of the entity's members" when considering the citizenship of an unincorporated association. 494 U.S. at 195.

In a 1980 business trust case where the trustees brought suit in their own names, the Supreme Court rejected an argument that the real parties in interest were all of the shareholders of the business trust. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980). *Navarro* held that the "real parties to the controversy" were the trustees who held legal title, managed the assets, and controlled the litigation, and thus the trustees could invoke diversity jurisdiction based on their own citizenship, like any natural person. *Id.*

Most recently, in 2016, the Supreme Court referred back to its "oft-repeated rule" that the citizenship of all members must be considered in the context of determining the members of a "trust" for purposes of jurisdiction. *Americold Realty Trust v. Conagra Foods, Inc.* 136 S.Ct 1012 (2016). *Americold* clarified that not every entity that "happens to call itself a trust" possesses the citizenship of its trustees alone. *Id.* at 1016. The Court found that a real-estate investment trust created under state law was not a traditional trust but a "separate legal entity," and held that its members were its shareholders for purposes of diversity jurisdiction. *Id. Americold* pointed out that *Navarro* did not deal with citizenship of the trust

itself, and did not contradict the rule that "when an artificial entity is sued in *its* name, it takes the citizenship of each of its members." *Id.* at 1016 (emphasis in the original).

Alper does not dispute that the diversity jurisdiction analysis of the Trust turns on trustee citizenship. Instead he argues that because the other Trustees designated him to bring this suit, only his citizenship should be considered.

Under Federal Rule 17(a), a trustee of an express trust may bring an action in his own name as the "real party in interest" without joining the people for whose benefit the action is brought. Fed. R. Civ. P. 17(a)(1)(E). However, as noted by the Supreme Court in *Navarro*, although a party may be a "real party in interest" under Rule 17(a), to establish diversity it may be necessary to rely upon the citizenship of that party's members. 446 U.S. at 462 n.9. Such is the case here. The court must consider the citizenship of all of the trustees for diversity purposes. To do otherwise would be in direct violation of the Supreme Court's "oft-repeated rule" that "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of 'all the members.' " *Carden*, 494 U.S. at 195-96. For a trust in the traditional sense – like we have here – the members are the trustees. *Americold*, 136 S.Ct. at 1015-16. Because one trustee is a New York citizen and therefore nondiverse from the defendant, this case must be dismissed for lack of subject-matter jurisdiction.

Alper's argument that because all the trustees delegated their power to him[3] only his citizenship should be considered ignores long-established rules regarding diversity jurisdiction. Complete diversity of citizenship "is tested by the citizenship of the real parties to the controversy, and the citizenship of an agent who merely sues on behalf of the real parties must be ignored." *Associated Ins. Mgmt. Corp. v. Arkansas General Agency, Inc.*, 149 F.3d 794, 796 (8th Cir. 1998). In the *Associated Ins.* case the Eighth Circuit looked at the underlying agreements between the parties and the applicable state law in order to determine the "real and substantial parties to the dispute." *Id.* at 798. An agent who merely sues on behalf of the real parties is ignored for citizenship purposes. *Id.* at 796. Even though the delegation to Alper here was proper both under the Trust Agreement and under Missouri law,[4] that delegation does not change the real and substantial parties to the dispute. The real power to control the Trust – including "certain customary powers to hold, manage, and dispose of assets for the benefit of others" – is in the hands of all the trustees. *Navarro*, 446 U.S. at 464. Alper has no

---

[3] The delegation was proper under the provisions of the Trust. Plaintiff Alper, as the Trustee Emeritus, serves at the "pleasure of the remaining Trustees, and shall have the same powers, authority, and responsibilities as the other Trustees, except for the power to vote." ECF No. 15-2 § 3(a). Four days before this suit was filed, the seven trustees executed a "Deed of Delegation of Power" delegating their "powers to prosecute their claims against Marsh USA Inc." to plaintiff Alper. ECF No. 15-1. The Trust also provides: "The Trustees may delegate all or any portion of their powers to any individual as they deem appropriate." ECF No. 15-2 § 2(d).

[4] Missouri law allows the delegation of certain powers by a trustee to an agent, such as the trustee's power "to prosecute or defend an action … to protect trust property." Mo. Rev. Stat. §§ 456.8-807, 456.8-816(24).

personal stake in this litigation; his interest is that of the Trust.  The delegation of power does not change who holds the real power of the Trust.

Alper attempts to limit the Eighth Circuit's holding in *Associated Ins. Mgmt. Corp.* by relying on a later case from the Court that held that a "nominal" plaintiff does not destroy diversity when an "absolute, non-collusive assignment to a diverse assignee creates diversity jurisdiction." *Slater v. Republic-Vanguard Ins. Co.*, 650 F.3d 1132, 1135 (8th Cir. 2011).  The assignment of interest in *Slater* and the designation of the non-diverse party as a nominal plaintiff, however, was not done for any purpose related to federal jurisdiction, and did not change the real party in interest's ability to control the litigation.  In this case, in contrast, because the Trustees can always change the delegation, they still hold the real power of the Trust and are not merely nominal parties to this litigation.

Alper also cites a Second Circuit case where the court found that the corporate plaintiff, who had the express power to act and make all decisions relating to the litigation, was the "master of the litigation" and only its citizenship need be considered for diversity.  *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 195 (2d Cir. 2003).  In *Oscar Gruss*, six financially-interested people (one of whom was nondiverse to defendant) vested the authority to sue on their behalf in the diverse corporate plaintiff through a written agreement.  *Id.* at 190-91.  In reaching the conclusion that the citizenship of all the financially-interested parties

did not have to be considered for diversity purposes, the Second Circuit drew a line between "a plaintiff who sues solely in his capacity as an agent, on the one hand, and, on the other, a plaintiff who sues not only as an agent, but also as an individual who has his own stake in the litigation." *Id.* at 194. The *Oscar Gruss* case did not involve a trustee plaintiff, but instead involved a corporate plaintiff with its own corporate financial interest in the outcome of the litigation. Here, Alper has no personal stake in the litigation, only his stake as a trustee and as a representative of other trustees. Where a plaintiff brings a suit solely in his representative capacity, "the citizenship of the represented party, and not that of the representative, controls." *Id.* at 194 (citing *Moore's Federal Practice* § 17.13[2][b] (3d ed. 1999)).

The Trust at issue here is governed by Missouri law. ECF No. 15-2 at 8. Missouri Uniform Trust Code establishes the duties and powers of the trustees, including the trustees' power to sue to protect trust property. Mo. Rev. Stat. §§ 456.1-101 – 456.11-1106; 456.8-816(24). This Trust is similar to the "traditional" concept of a trust described by the Supreme Court in *Americold*: the trustees here are bound by fiduciary duties and the legal proceeding is not brought by the Trust itself but by a trustee in his own name. 136 S.Ct. at 1016. When a trust is of the traditional type – as opposed to a construct of state law simply labeled a 'trust' – the trustees are the members of the Trust for purposes of diversity citizenship. *Id.*

*See also Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 729 (2d Cir. 2017) (agreeing with courts that read *Americold* to "support the conclusion that a traditional trust's citizenship remains that of its trustee.").

The Trust possesses the citizenship of its members. It is a trust in the traditional sense and therefore its members are its trustees. The trustees hold the real power of the Trust and are the real parties to the controversy. Alper is an agent acting in a representative capacity with no personal stake in the litigation. The citizenship of all the members must be considered for diversity jurisdiction. Because one trustee has the same citizenship as the defendant, complete diversity is lacking and this case must be dismissed.[5]

Accordingly,

**IT IS HEREBY ORDERED** that this case is dismissed for lack of subject-matter jurisdiction.

---

[5] Alper also attempts to rely on cases involving indispensable parties under Rule 19, Fed. R. Civ. P. But "the Federal Rules of Civil Procedure have no bearing on the requirements of federal diversity jurisdiction" and do not extend or limit the jurisdiction of the district courts. *Associated Ins. Mgmt. Corp.*, 149 F.3d at 796; Fed. R. Civ. P. 82. The cases cited by Alper are also factually distinct from this case. *See Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369-71 (10th Cir. 1998) (based on pragmatic considerations, including that the case had been filed two years before the jurisdictional issue arose, the court held a nondiverse trustee dispensable under Rule 19 and allowed his dismissal so that the case could proceed); *BancorpSouth Bank v. Hazelwood Logistics Center, LLC*, 706 F.3d 888, 894-95 (8th Cir. 2013) (finding banks who hold an interest in the loan are not necessary parties to the litigation and that the single bank that has legal title, manages the assets, and controls the litigation need only be considered for diversity). This case, in contrast, involves a traditional trust, is only a few weeks old and has indicia of forum shopping, specifically, a delegation of power signed four days before filing suit which appears to have no administrative purpose except to create diversity jurisdiction.

A separate Order of Dismissal in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2018.